UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 4:09-120 |
| | ) | |
| ARIEN OLIVER II, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On May 7, 2009, a Federal grand jury sitting in the Southern District of Georgia returned a two count Indictment against Defendant, Arien Oliver II. (Doc. 1) Count One charged the Defendant with Dealing in Firearms Without a License in violation of 18 U.S.C. § 922(a)(1)(A) and Count Two charged the Defendant with Non-dealer Transferring Firearm to a Nonresident in violation of 18 U.S.C. § 922(a)(5). Defendant appeared for his initial appearance on May 15, 2009 (Doc. 5), and Defendant was arraigned on May 26, 2009 (Doc. 12). On June 29, 2009, Defendant completed the application for this District's Pre-Trial Diversion Program, which was provided to the United States Probation Office on June 29, 2009. On June 30, 2009, counsel for Defendant and counsel for the government filed a Consent Motion to Toll the Speedy Trial Act. (Doc. 17)

The Speedy Trial Act of 1974 (STA) provides that the trial of a case under indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The STA recognizes categories of excludable delay, and counsel for Defendant and counsel for the government seek to toll the STA time limits in the instant action pursuant to 18 U.S.C. § 3161(h)(7), which provides as follows:

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

Having reviewed and considered the Consent Motion to Toll the Speedy Trial Act, the Court finds the ends of justice are served by tolling of the Speedy Trial Act during the pendency of Defendant's Application for Pre-Trial Diversion as well as the time period covered by the Pre-Trial Diversion Agreement. The tolling outweighs the best interest of the public and the Defendant in a speedy trial. Therefore, pursuant to 18 U.S.C. § 3161(h)(7), the Consent Motion to Toll the Speedy Trial Act is **GRANTED**. The period of delay resulting from this Order is excluded in computing the time within which the trial of this matter may commence.

This 3RD day of JUNE , 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Prepared by : Jessica L. McClellan
Assistant United States Attorney
Georgia Bar No. 436785
100 Bull Street
Savannah, Georgia 31401
(912 )652-4422
U.S. v. Oliver
4:09-120

2